**AMERICAN ITALIAN PASTA COMPANY, Appellee,**

v.

**The AUSTIN COMPANY, Appellant.**

**No. 89–2751.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Sept. 21, 1990.

As Corrected Oct. 26, 1990.

J. Randall Coffey, Kansas City, Mo., for appellant.

Roy Bash, Kansas City, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

The Austin Company appeals from the district court's order denying its motion to compel arbitration. We reverse.

I.

American Italian Pasta Company (American Pasta) entered into a contract with Austin under which Austin agreed to design and build a pasta factory. Article 16 of the contract provides:

> In the event of any dispute or disagreement arising under this contract, it is mutually agreed, that upon written notice of either to the other party, both Owner and Austin will use their best efforts to settle such disputes or disagreement in a manner that is fair and equitable to both parties before either party can exercise the right of any legal action.

If both parties agree that a dispute or disagreement is of such nature that it cannot be settled as provided for above, then such dispute or disagreement may be submitted to arbitration in accordance with the Rules of The American Arbitration Association in which event, the decision of the arbitrators shall be final and binding upon the parties.

A dispute arose between the parties, and settlement negotiations were unsuccessful. Austin notified the American Arbitration Association to proceed with arbitration. American Pasta filed an application for stay of arbitration in state court. Austin removed the case to federal court. The district court concluded that the contract between the parties permits, but does not compel, participation in arbitration.[1]

## II.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., which the parties agree governs this contract, expresses Congress' "declaration of a liberal policy favoring arbitration agreements." *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *I.S. Joseph Co., Inc. v. Michigan Sugar Co.*, 803 F.2d 396, 399 (8th Cir.1986). Notwithstanding this liberal policy in favor of arbitration agreements, the Arbitration Act does not require parties to arbitrate when they have not agreed to do so. *Volt Info. Sciences v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *Recold, S.A. De C.V. v. Monfort of Colorado, Inc.*, 893 F.2d 195, 197 (8th Cir. 1990). Our task, then, is to determine whether the language the parties used in Article 16 reflects the parties' intention to consent to mandatory arbitration. *I.S. Joseph Co., Inc.*, 803 F.2d at 399.

The Fifth Circuit found arbitration mandatory under a contract that stated: "If the Union and the Company fail to agree, the dispute may be submitted to the arbitration and the decision of the arbitrator shall be final." *Deaton Truck Line, Inc. v. Local Union 612*, 314 F.2d 418, 421 (5th

Cir.1962). The court held that "may" should be construed to give either party the option to require arbitration. *Id.* at 422.

In *Bonnot v. Congress of Indep. Unions Local #14*, 331 F.2d 355 (8th Cir.1964), we construed a contract that provided: "In the event the two parties do not agree after the steps outlined ... above, then either party may request arbitration and follow the following procedure." *Id.* at 356. We adopted the interpretation in *Deaton* and held that the purpose of "may" was to give an aggrieved party the choice between arbitration or the abandonment of its claim. *Id.* at 359.

We construe a contract to give effect to all of its provisions and to avoid rendering any provisions meaningless. *Johnson Controls, Inc. v. City of Cedar Rapids*, 713 F.2d 370, 374 (8th Cir.1983). When viewed in the light of this rule of construction and the holdings in *Deaton* and *Bonnot*, we conclude that the structure and language of the contract reflect that Austin and American Pasta intended arbitration to be mandatory. The phrase "[i]f both parties agree" in the second paragraph of Article 16 refers to the inability of the parties to reach a settlement rather than to the submission of the dispute to arbitration. There would be no reason for the arbitration language in Article 16 if the parties intended it to be permissive, for the parties could voluntarily have agreed to submit a dispute to arbitration in the absence of such a provision.

The judgment is reversed, and the case is remanded with directions to enter judgment compelling arbitration.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

I respectfully dissent. The majority too easily gives an adhesion contract authority in the allegedly good name of arbitration. While the reasoning of the majority soundly follows the congressional declaration

---

**1.** American Pasta's amended complaint alleged that no enforceable contract exists between the parties. The district court expressly declined to determine this issue, limiting its ruling to a determination that Article 16 provides for only permissive arbitration. Accordingly, our references to the "contract" should be read in the light of the district court's limited holding.

that generously prefers arbitration, I believe its citation and analysis of authority from this court is too thin a foundation to support the claim that arbitration is compelled by the ambiguous contract sub judice.

The contract which Austin presented to American Pasta says only that "[if] both parties agree that a dispute or disagreement ... cannot be settled ... then such dispute or disagreement may be submitted to arbitration [as per the rules of the American Arbitration Association]." The majority has found compulsory arbitration in that language on two grounds. The first is that in *Bonnot v. Congress of Indep. Unions Local # 14*, 331 F.2d 355, 359 (8th Cir.1964) we held that a particular dispute was compulsorily arbitrable where the contract of the parties used only the phrase "may request arbitration." The second is that courts must construe contracts to give meaning to their provisions; that is, without giving "may" a compulsory meaning in the contract in this case, arguably the arbitration clause is rendered meaningless because with or without it the parties *may* consent to arbitration of a dispute. This is one avenue of analyzing this issue and not unsound reasoning, however more salient reasons support the contrary result.

The first, each contract must be interpreted in light of the facts surrounding it. The second, Austin wrote this contract, and we should construe it against its drafter. With regard to the first point, I suggest that because "may" was found to be compulsory language in a contract (a collective bargaining agreement) between two parties of relatively equal bargaining power (a union and an employer) with respect to one particular dispute, *see Bonnot*, 331 F.2d at 359, does not mean that "may" has a compulsory meaning in this case.[2] And, *Bonnot* expressly held "the contract unambiguously expresses the agreement of the par-

ties that arbitration was to be resorted to for this dispute's settlement." *Id.* But, here, on the contrary "may" seems only to mean "may," and probably misled the appellee in its view of the contract terms. The least Austin should have done to clarify the adhesion contract was to state, as was in the contract in *Bonnot*, "either party may request arbitration." *Id.* at 356 (emphasis added).

Which brings me to my second point—Austin was the drafter. Though Congress has directed that arbitration be given a favorable nod where possible, the Supreme Court has reminded us that each case is controlled by its own contract and the parties cannot be made to do what they have not agreed to do. *See Volt Info. Sciences v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989). Though Austin obviously wants to compel arbitration, its own contract says only that arbitration may occur *"[if] both parties agree that a dispute or disagreement is of such a nature that it cannot be settled as provided for...."* American Pasta apparently does not agree to arbitration. While mindful of the liberal interpretation we are to give arbitration clauses, I am unwavering in the view that adhesion contracts still must be construed against their makers.

That rule of contract construction is paramount to the rule cited by the majority with respect to rendering provisions meaningless, particularly in this case. I render nothing meaningless by denying Austin compulsory arbitration. It is Austin who has made its bed. If the arbitration clause is meaningless, it is no less so than the preceding paragraph of Article 16 which amounts to little more than an empty promise to make best efforts. Has not Austin rendered that provision meaningless by seeking arbitration? When disputes arise between parties, best efforts often fail and legal action becomes inevitable. If one party's rights thereto are going to be re-

2. "In *Bonnot* we held that *in certain circumstances* the term 'may' merely allows that an employee may choose not to pursue his grievance but that if he does pursue it, he must seek arbitration." *Anderson v. Alpha Portland Industries, Inc.*, 752 F.2d 1293, 1300 (8th Cir.) (en banc) (emphasis added), *cert. denied*, 471 U.S. 1102, 105 S.Ct. 2329, 85 L.Ed.2d 846 (1985) (further subsequent history omitted). *Bonnot* is

a labor case that does not necessarily translate into every case with an arbitration clause. Similarly, *Deaton Truck Line, Inc. v. Local Union 612*, 314 F.2d 418 (5th Cir.1962), is distinguishable as a case involving a labor union, an employer, and a collective bargaining agreement. Each case should be decided on its own contract.

stricted by the other party, it should be spelled out to the "t." I think that Austin failed to cross the t's in arbitration, and I am unwilling to cross them for it.

While parties are still free to contract, there should be a clear meeting of the minds before arbitration is made mandatory. For all the foregoing reasons, I cannot conclude that American Pasta consented to *compulsory* arbitration by signing Austin's preprinted adhesion contract. I respectfully dissent and would affirm the district court.