# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1887

_____

Kathy Lyster,                            *

                                       *

        Appellee,                *

                                       * Appeal from the United States

    v.                            * District Court for the Western

                                       * District of Missouri

Ryan's Family Steak Houses, Inc.,  *

                                       *

        Appellant.              *

_____

Submitted: January 8, 2001
Filed:    February 8, 2001

_____

Before WOLLMAN, Chief Judge, BYE, Circuit Judge, and JONES[1], District Judge.

_____

JONES, District Judge.

Kathy Lyster filed this action alleging unlawful sexual harassment against her former employer, Ryan's Family Steak Houses, Inc. Lyster signed an arbitration agreement relating to her employment with Steak House. Steak House appeals from the district court's denial of its petition to compel arbitration and motion to dismiss, or alternatively, to stay the proceedings. The district court held Lyster's arbitration

_____

[1]The Honorable John B. Jones, United States District Judge, United States District Court for the District of South Dakota, sitting by designation.

agreement did not require arbitration of claims that were filed after the termination of the arbitration agreement. We reverse.

## I. BACKGROUND

Lyster applied for employment with Steak House on March 5, 1998. At the time Lyster submitted her application, she signed a Job Application Agreement to Arbitration of Employment-Related Disputes ("Agreement") with Employment Dispute Services, Inc. ("EDSI") which provided that Lyster would submit any employment-related dispute with Steak House to arbitration. Steak House was named as a third-party beneficiary of the Agreement. Lyster submitted her claim of sexual harassment to the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") and received a right-to-sue letter.

The district court concluded under the Agreement Lyster was required to arbitrate her claim only if she filed her claim with the EEOC and the MCHR before she was terminated. If Lyster was terminated prior to filing her claim, the district court concluded the Agreement would be unenforceable because the Agreement terminated when her employment with Steak House ended. Because Steak House did not provide sufficient information to the district court regarding the timing of Lyster's termination in relation to the filing of her claim with the EEOC and the MCHR, the district court denied Steak House's petition to compel arbitration and motion to dismiss, or alternatively, to stay the proceedings.

Steak House appeals on the grounds that the Agreement requires Lyster's employment-related claims against it be arbitrated even if the Agreement has terminated since the date of the claim. Lyster contends the Agreement specifically excluded all EEOC matters from arbitration and Lyster did not agree to arbitrate her Title VII claims. Lyster further asserts her claim and cause of action for sexual harassment did not accrue until EEOC gave a right to sue, which occurred after the Agreement

terminated. Finally, Lyster argues the Agreement is an unconscionable adhesion contract.

## II. DECISION

Where the district court has determined the arbitrability of a dispute based on contract interpretation, we review the decision de novo. PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C., 225 F.3d 974, 978 (8th Cir. 2000). If the district court's order concerning arbitrability is based on factual findings, we review such findings for clear error. Id. The order denying Steak House's petition to compel arbitration and motion to dismiss, or alternatively, to stay the proceedings is based solely on contract interpretation and, therefore, we review the district court's decision de novo.

A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement. Telectronics Pacing Systems, Inc. v. Guidant Corp., 143 F.3d 428, 433 (8th Cir. 1998); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (holding the Federal Arbitration Act mandates that courts shall direct parties to arbitration on issues to which a valid arbitration agreement has been signed). The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., declares a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2). The FAA establishes that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id.; see Barker v. Golf U.S.A., Inc., 154 F.3d 788, 793 (8th Cir. 1998), cert. denied, 525 U.S. 1068 (1999). Generally, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" AT & T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation

-3-

Co., 363 U.S. 574, 582-83 (1960)). However, a party who has not agreed to arbitrate a dispute cannot be forced to do so. AT & T Tech., 475 U.S. at 648.

Lyster does not challenge the district court's conclusion that the Agreement is governed by the FAA as an agreement that evidences a transaction involving commerce pursuant to Section 2 of the FAA, 9 U.S.C. § 2. The Supreme Court has made clear that "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991). More specifically, we held Title VII claims are subject to individual consensual agreements to arbitrate. Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 837-38 (8th Cir. 1997). The Supreme Court recognized that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985); see Gilmer, 500 U.S. at 26 (same).

State contract law governs whether an arbitration agreement is valid. Barker, 154 F.3d at 791. Pursuant to Missouri law, "[t]he primary rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." Speedie Food Mart, Inc. v. Taylor, 809 S.W.2d 126, 129 (Mo. Ct. App. 1991). A court may evaluate extrinsic evidence to ascertain the parties' intention only if the contract is unclear and ambiguous. Id.; J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club, 491 S.W.2d 261, 264 (Mo. 1973). The test for determining if an ambiguity exists in a written contract is "whether the disputed language, in the context of the entire agreement, is reasonably susceptible of more than one construction giving the words their plain meaning as understood by a reasonable average person." Speedie Food Mart, 809 S.W.2d at 129.

The Agreement signed by Lyster included the following provisions:

-4-

The purpose of this agreement is to provide You and the Company a forum in which claims or disputes with the Company and any other signatories may be resolved by arbitration rather than litigation. This Agreement does not restrict you from filing a claim or charge with any state or federal agency, for example, Equal Employment Opportunity Commission, state unemployment agency, state workers' compensation commission, where applicable. Rather, the Agreement applies only to State or Federal court proceedings.

A.  Acceptance of EDSI Agreement
Important aspects of Your acceptance of this Agreement are: ...
2.  You retain the right to file a claim or charge with any State or Federal agency that would otherwise handle Your claim or charge;
3.  Except as to claims or charges handled within a State or Federal agency, You and the Company agree to use EDSI to resolve legal claims concerning You that either party would otherwise bring in State or Federal court; ....

B.  Agreement
1.  Any employment-related dispute between the Company, Me, and/or other signatories which would otherwise be brought in State or Federal court will be brought ONLY in the EDSI arbitration forum and under EDSI Rules and Procedures, as modified or amended from time to time. ....
2. ....

> A.  Except as to claims or charges actually handled within a State or Federal agency, any and all disputes I may have with the Company, or in that company, its supervisors, managers or other agents may have with Me which would otherwise be decided in court, shall be resolved only through arbitration in the EDSI forum and NOT THROUGH LITIGATION IN STATE OR FEDERAL COURT. ....
> E.  I absolutely <u>must</u> use the EDSI forum for any and all employment-related disputes and/or claims and/or related tort claims I may have against the Company and all other signatories to this Agreement which would otherwise be brought in court, even

> if the Agreement has been terminated since the date of the claim.
>
> ....
>
> G. My Agreement shall continue for the period of My employment with the Company unless mutually terminated in writing by EDSI and Me.

The "Company" referred to in the Agreement is the Steak House.

Lyster contends the language in the Agreement relating to claims filed with the EEOC specifically excluded all EEOC matters from arbitration. We disagree. Although the Agreement permits Lyster to participate in state and federal administrative proceedings, the Agreement specifically states any claim that would otherwise be pursued in state or federal court must be pursued in an arbitral forum.

Although the Agreement with EDSI terminated when Lyster's employment with Steak House ended, the Agreement clearly states in section B.2.E. that Lyster's employment-related claims shall be arbitrated even if the Agreement is terminated after the date of her claim. Considering the Agreement as a whole, it is clear and unambiguous that Lyster agreed any employment-related claims she had against Steak House arising from and during her employment with Steak House, which would otherwise be brought in state or federal court, would be arbitrated. The plain meaning of the language in the Agreement does not require that before any claims are subject to arbitration they must be filed with the EEOC or the MCHR. Additionally, the Agreement does not exclude from arbitration claims pursued with the EEOC for which Lyster had not received a right-to-sue letter prior to her termination by Steak House. Pursuant to the Agreement, Lyster's Title VII claim of sexual harassment by one of Steak House's supervisors, which arose during Lyster's employment with Steak House, must be pursued in an arbitral, rather than a judicial, forum.

Lyster's final argument, that the Agreement is an unconscionable adhesion contract, lacks merit. Pursuant to Missouri law, "[a] contract is substantively

unconscionable if there is undue harshness in the terms of the contract. Or, as more colorfully stated, an unconscionable contract is one, such as no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other, ...." Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 810 (Mo. Ct. App. 1998) (internal quotation marks and citations omitted). We recognized the potential that substantial arbitration fees may make an arbitration agreement unconscionable in Dobbins v. Hawk's Enterprises, 198 F.3d 715, 717 (8th Cir. 1999). However, Lyster has not established on the record before us that undue harshness exists in the terms of the Agreement in light of Missouri law governing unconscionability. See Green Tree Financial Corp.-Alabama v. Randolph, 121 S.Ct. 513, 522 (2000) (holding the party seeking to invalidate an arbitration agreement because of prohibitive arbitration fees bears the burden of proof and the possibility of such party incurring prohibitive costs is too speculative to invalidate an arbitration agreement where the record reveals only that the agreement is silent on the subject of arbitration costs).

Based upon the above discussion it is clear that Lyster executed a valid arbitration agreement and her claim of unlawful sexual harassment against Steak House falls within the scope of the Agreement. Therefore, Steak House is entitled to an order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, compelling Lyster to pursue her sexual harassment claim in an arbitral, rather than a judicial, forum. Lyster requests if we find the FAA applicable to this case we enter an order requiring the arbitration be conducted in Joplin, Missouri, the city in which Lyster was employed by Steak House. During oral argument, counsel for Steak House stated the arbitration proceedings would be conducted in Missouri, in the city where Lyster was employed. We reverse the district court's denial of Steak House's petition to compel arbitration and stay proceedings. We remand with directions to enter an order compelling arbitration in accordance with the terms of the Agreement, pursuant to 9 U.S.C. § 4, and to enter an order staying the proceedings pending resolution of the arbitration, pursuant to 9 U.S.C. § 3.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.