# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3189

_____

Industrial Wire Products, Inc., a            *
Missouri corporation,                        *
                                             *
            Appellee,                        *
                                             *   Appeal from the United States
       v.                                    *   District Court for the Eastern
                                             *   District of Missouri.
Costco Wholesale Corporation, a              *
Washington corporation,                      *
                                             *
            Appellant.                       *

_____

Submitted: April 15, 2009
Filed: August 6, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Costco Wholesale Corp. ("Costco") appeals from the district court's order denying its motion to compel arbitration and stay proceedings involving claims of patent and trade dress infringement brought against it by Industrial Wire Products, Inc. ("IWP"). For the reasons set forth below, we reverse.

In 2006 and 2007, IWP and Costco entered into vendor agreements in which IWP agreed to supply Costco with IWP's patented "Configurable Bins," which are interlocking plastic storage containers. The 2007 vendor agreement[1] contains the following arbitration clause:

> [¶]27.1 All claims and disputes that (1) are between Vendor [IWP] and Costco Wholesale . . . and (2) arise out of or relate to the Agreement Documents or any agreement or transaction or occurrence between Vendor [IWP] and Costco Wholesale or to their performance or breach (including any tort or statutory claim) . . . shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English in Seattle, Washington . . . .

> [¶]27.2 Vendor [IWP] acknowledges and agrees that . . . this agreement to arbitrate covers, without limitation, any claims with respect to matters relating to the distribution rights of any of the parties arising under this Import Agreement or any applicable law.

(J.A. 68-69.)

After entering into these vendor agreements with IWP, Costco began selling a product called an "Interlocking Shoe Organizer" that it obtained from a different vendor. The Interlocking Shoe Organizer is a storage device that is assembled by joining a series of panels with interlocking connectors to produce bins of various shapes and configurations. In January 2008, IWP filed the present action against

---

[1]Like the district court, we limit our analysis to the 2007 agreement because "the 2007 Import Vendor Agreement states that it supercedes all prior written communications between the parties for the matters covered in the Import Vendor Agreement." Indus. Wire Prods., Inc. v. Costco Wholesale Corp., No. 4:08-cv-00070, slip op. at 3 n.1 (E.D. Mo. June 9, 2008).

Costco contending that Costco's sale of the Interlocking Shoe Organizer infringed IWP's patent and trade dress rights and violated Missouri unfair competition laws. Costco moved to compel arbitration.

The district court denied Costco's motion to compel arbitration. The court analyzed paragraph 27.1 of the 2007 vendor agreement and held that IWP's claims were not arbitrable because they did not arise from the vendor agreement or any agreement, transaction, or occurrence between the parties:

> The claims are that Costco infringed on plaintiff's patent by selling the Interlocking Shoe Organizer. These infringement claims exist separate from any agreement, transaction, or occurrence between the parties. Although it happens that at some point in the past plaintiff sold products using its patented design to Costco, and signed a vendor agreement with an arbitration clause related to this sale, this fact is irrelevant to the present suit. Plaintiff's claims would exist regardless of whether the plaintiff had ever entered into any vendor agreement with Costco.

Indus. Wire Prods., Inc. v. Costco Wholesale Corp., No. 4:08-cv-00070, slip op. at 5 (E.D. Mo. June 9, 2008). However, the court did not analyze whether IWP's claims were arbitrable under paragraph 27.2. Costco brings this appeal.

II.

Both IWP and Costco agree that we have jurisdiction over this interlocutory appeal. Still, we must examine our appellate jurisdiction *sua sponte*, even if the parties concede the issue. Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006). An order denying a motion to compel arbitration is immediately appealable under the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 16(a)(1). However, the FAA does not specify which court(s) possess jurisdiction over such appeals. This court has previously exercised jurisdiction in a patent infringement case over an interlocutory appeal from a district court's denial of a motion to stay pending

arbitration. See Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc., Nos. 99-3188, 00-1566, 2000 WL 637045, at *1 (8th Cir. May 18, 2000) (unpublished) (per curiam). However, this circuit has not squarely addressed the issue of whether, in a patent infringement action, an interlocutory appeal concerning arbitrability falls within the exclusive appellate jurisdiction of the Federal Circuit. The Third and Federal Circuits have addressed this issue and reached opposite conclusions. See Microchip Tech. Inc. v. U.S. Philips Corp., 367 F.3d 1350, 1354-55 (Fed. Cir. 2004) (the Federal Circuit has exclusive jurisdiction); Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 51-53 (3d Cir. 2001) (the Federal Circuit does not have exclusive jurisdiction).

The district court has original jurisdiction in this case because it is a "civil action arising under [an] Act of Congress relating to patents[.]" 28 U.S.C. § 1338(a). The Federal Circuit would have exclusive jurisdiction over an appeal from a final decision in this case. See 28 U.S.C. § 1295(a)(1) (giving Federal Circuit exclusive jurisdiction "of an appeal from a final decision of a district court . . . if the jurisdiction of that court was based . . . on section 1338"). However, the district court's denial of Costco's motion to compel arbitration was not a "final decision." See Microchip Tech., 367 F.3d at 1354 ("The district court's decision [denying defendants' motion to compel arbitration] was not final[,] [and] we do not have jurisdiction under 28 U.S.C. § 1295(a)(1)."); Medtronic AVE, 247 F.3d at 52 ("[T]his appeal [from the denial of a motion to stay pending arbitration] is not from a 'final decision.'"). Thus, the Federal Circuit does not have jurisdiction over this appeal under section 1295.

The Federal Circuit would also have exclusive appellate jurisdiction over "an appeal from an interlocutory order or decree described in subsection [1292](a) or [1292](b) of this section."[2]  28 U.S.C. § 1292(c). Section 1292(a) describes, *inter*

---

[2]Section 1292(b), which vests district courts with discretion in extraordinary circumstances to certify for interlocutory appeal orders that are not otherwise appealable, is inapplicable to the present case.

*alia*, orders granting and refusing injunctions. See id. § 1292(a)(1). The Federal Circuit has determined that "order[s] compelling arbitration [are] in effect [] mandatory injunction[s]." Microchip Tech., 367 F.3d at 1354. Thus, the Federal Circuit finds that "section 16 [of the FAA] renders appealable under section 1292(a)(1) the denial of an injunctive order (*i.e.* motions to compel arbitration)[.]" Id. at 1355.

The Third Circuit disagrees, finding that an order denying a motion to stay proceedings pending arbitration is "not . . . an order denying an interlocutory injunction under section 1292(a)(1)." Medtronic AVE, 247 F.3d at 52 (citing Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-88 (1988) (order granting or denying motion to stay legal proceedings is not appealable as injunction under 28 U.S.C. § 1292(a)(1))). Therefore, the Third Circuit holds that "this case is the unusual one that finally turns on the residual jurisdictional statute, 28 U.S.C. § 1294(1)[.]" Id. at 53. Section 1294(1) states, "Except as provided in sections 1292(c), 1292(d), and 1295 . . . appeals from reviewable decisions . . . shall be taken . . . [f]rom a district court of the United States to the court of appeals for the circuit embracing the district[.]"[3]

In sum, the key difference between the Third and Federal Circuits' analyses concerns whether the denial of a motion to compel arbitration is equivalent to the denial of an injunction. Under the Federal Circuit approach, denying a motion to compel has an injunctive effect and, therefore, the Federal Circuit has exclusive appellate jurisdiction under 28 U.S.C. § 1292(a)(1) and 1292(c). See Microchip

---

[3]As we already noted, the Federal Circuit cannot have jurisdiction under section 1295 because the district court's order was not a "final decision." Section 1292(d), which deals with appealability of orders from the Courts of International Trade and Federal Claims, is also inapplicable. Thus, if the Federal Circuit does not have jurisdiction under section 1292(c), then section 1294(1) vests this circuit with jurisdiction over the present appeal.

Tech., 367 F.3d at 1354-55. According to the Third Circuit, denying a motion to compel does not have an injunctive effect and, thus, subsection 1292(a)(1) and 1292(c) do not vest the Federal Circuit with appellate jurisdiction. See Medtronic AVE, 247 F.3d at 51-53. In a non-patent case, this court has already rejected the argument that section 1292(a)(1) grants jurisdiction to review denials of motions to compel arbitration because of their alleged "injunctive effect." See McLaughlin Gormley King Co. v. Terminix Int'l Co., 105 F.3d 1192, 1193 (8th Cir. 1997). Consequently, we must reject the Federal Circuit's analysis in Microchip Tech.

Because the district court's decision denying Costco's motion to compel arbitration was neither "final" nor "injunctive," the Federal Circuit does not have exclusive jurisdiction over this appeal.[4] Instead, as the Third Circuit decided in Medtronic AVE, this court has jurisdiction pursuant to 9 U.S.C. § 16(a)(1), which renders the denial of a motion to compel arbitration appealable, and 28 U.S.C. § 1294(1), "which provides, with exceptions that [] are inapplicable, that an appeal from a reviewable decision of a district court 'shall be taken to the . . . court of appeals for the circuit embracing the district.'" Medtronic AVE, 247 F.3d at 53 (quoting 28 U.S.C. § 1294(1)). Because this appeal came from the United States District Court for the Eastern District of Missouri, which is within this circuit, we have appellate jurisdiction.

---

[4]This outcome makes sense from a practical standpoint. We typically resolve questions of arbitrability by interpreting contract language and provisions of the FAA, not by analyzing the merits of underlying suits, whether they involve patent infringement or not. Cf. Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1371 (Fed. Cir. 2006) (the Federal Circuit "applies regional circuit law to questions of arbitrability that are not intimately involved in the substance of enforcement of a patent right" (quotation omitted)).

III.

"[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4). "[O]ur circuit has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement." Id. (emphasis in original). Neither party disputes the validity of the arbitration clause. The district court found that IWP's claims for patent and trade dress infringement did not fall within the scope of the clause and, therefore, denied Costco's motion to compel arbitration. "We review de novo the district court's denial of a motion to compel arbitration based on contract interpretation." Suburban Leisure Ctr., Inc. v. AMF Bowling Prods., Inc., 468 F.3d 523, 525 (8th Cir. 2006) (emphasis omitted). "The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." Medcam, 414 F.3d at 975. A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. (quotation omitted).

The district court analyzed paragraph 27.1 of the 2007 vendor agreement, finding that "the arbitration clause is limited to disputes that arise out of an agreement, transaction, or occurrence" between IWP and Costco. Indus. Wire, No. 4:08-cv-00070, slip op. at 4. As "[t]he claims asserted in the complaint do not arise out of or relate to transactions or occurrences between the parties . . . [t]he Court [decided] that none of plaintiff's claims fall[s] within the scope of the arbitration clause . . . ." Id. at 4-5. This interpretation of paragraph 27.1 is likely correct. However, the district court failed to analyze paragraph 27.2, which contains additional language concerning the scope of the parties' arbitration agreement, despite the fact that Costco specifically

cited paragraph 27.2 in both memoranda it filed in support of its motion. (See J.A. 31, 114.)

Paragraph 27.2 states that "[IWP] acknowledges and agrees that . . . this agreement to arbitrate covers, without limitation, any claims with respect to matters relating to the distribution rights of any of the parties arising under this Import Agreement or any applicable law." (Id. at 68-69.) Costco contends this provision mandates arbitration of IWP's intellectual property claims:

> [P]aragraph 27.2 . . . covers the right to distribute products based on provisions within the Agreement or *any applicable law* such as patent law as asserted in the complaint. IWP's complaint asserts that Costco has no right to distribute a product that is a "colorable imitation" of the product Costco previously distributed for IWP, and those claims fit squarely within this provision and must be arbitrated.

(Appellant's Reply Br. 11 (emphasis in original); accord Appellant's Br. 16.) Although IWP quotes paragraph 27.2 in its Statement of Facts (Appellee's Br. 4), IWP never responds to Costco's argument, nor does it provide any reason why we should ignore paragraph 27.2.

Given the broad language of paragraph 27.2, we simply cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." MedCam, 414 F.3d at 975. IWP's infringement claims reasonably "relat[e]" to Costco's right to "distribut[e]" the Interlocking Shoe Organizer, which IWP believes violates its intellectual property rights with respect to the Configurable Bins. Indeed, "distribution" simply means "the marketing or merchandising of commodities." Webster's Third New International Dictionary 660 (2002). At best, paragraph 27.2 plainly requires arbitration of IWP's claims. At worst, the provision is ambiguous and susceptible of an interpretation that covers IWP's claims. Because we interpret arbitration clauses liberally and resolve any

doubts in favor of arbitration, <u>MedCam</u>, 414 F.3d at 975, we hold that this dispute falls within the scope of the parties' arbitration agreement and that the district court erred in denying Costco's motion to compel arbitration.

## IV.

Accordingly, we reverse and remand to the district court with instructions to enter an order compelling arbitration.

_____