# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1037

_____

Quam Construction Co., Inc., a Minnesota corporation

*Plaintiff - Appellant*

v.

City of Redfield, a South Dakota municipality

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: September 23, 2014
Filed: October 21, 2014

_____

Before RILEY, Chief Judge, LOKEN and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Quam Construction Co., Inc. (Quam) appeals from the district court's order denying its motion to compel arbitration for contract disputes between Quam and the City of Redfield, South Dakota (the City). Because the parties' contract does not mandate arbitration, we affirm the judgment.

# I. Background

The City and Quam entered into a construction contract that included, among other things, the installation of pipes at the job site. After issues arose regarding the subsurface ground conditions where the pipes were to be installed, the parties disagreed about Quam's obligations under the contract. The parties attempted mediation in accordance with their contract. Mediation failed, and Quam served the City with a demand for arbitration. The City refused to arbitrate. Quam then petitioned the district court to compel arbitration under 9 U.S.C. § 4 and moved to compel the City to arbitrate. The district court[1] denied Quam's motion, and Quam appealed. This court has jurisdiction on appeal under 9 U.S.C. § 16(a)(1)(B) and 28 U.S.C. § 1294(1).

## II. Discussion

"We review de novo the district court's denial of a motion to compel arbitration based on contract interpretation." Indus. Wire Prods., Inc. v. Costco Wholesale Corp., 576 F.3d 516, 520 (8th Cir. 2009) (quotation omitted). "If the district court's order concerning arbitrability is based on factual findings, we review such findings for clear error." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). "A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." Id. The issue in this case lies with the first step — determining whether there is a valid agreement mandating arbitration if a dispute arises that cannot otherwise be resolved.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., Inc.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (quotation omitted). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Id. at 649. "State contract law governs whether an arbitration agreement is valid." Lyster, 239 F.3d at 946. Under South Dakota law, "[a] contract is to be examined as a whole and all provisions read together to construe the contract's meaning." City of Watertown v. Dakota, Minn. & E. R. Co., 551 N.W.2d 571, 575 (S.D. 1996).

Paragraph 26(a) of the parties' contract states as follows:

Any controversy or claim arising out of or related to the contract, or the breach thereof, shall first be submitted to the American Arbitration Association Mediation Department. A mutually agreed upon qualified alternative dispute organization may be used.

Mediation shall continue (1) until resolution of the dispute or (2) until the mediator notifies the parties that it is unlikely that the dispute will be resolved through mediation.

Arbitration: If the dispute is not resolved through mediation, the parties may submit the controversy or claim to Arbitration. *If the parties agree to arbitration*, the following will apply:

The Contractor shall not cause a delay of the work because of the pendency of arbitration proceedings, except with the written permission of the Engineer, and then only until the arbitrators shall have an opportunity to determine whether or not the work shall continue until they decide the matters in dispute.

The demand for arbitration shall be delivered in writing to the Engineer and the adverse party, either personally or by registered mail to the last known address of each, within ten days of the receipt of the Engineer's decision, and in no case after final payment has been accepted except as

otherwise expressly stipulated in the Contract Documents. If the Engineer fails to make a decision within a reasonable time, a demand for arbitration may be made as if his decision had been rendered against the demanding party.

(Emphasis added). Paragraph 26(b) details requirements for the selection of the arbitrator and the power of the arbitrator or arbitrators to enter a binding decision. The end of paragraph 26(b) reads: "If there be one arbitrator, his decision be [sic] binding. If three, the decision of any two shall be binding in respect to both the matters submitted to and the procedure followed during the arbitration. *Such decision shall be a condition precedent to any right of legal action.*" (Emphasis added). Paragraph 26(c) articulates the arbitration procedure.

The City asserts that this case is simple: Because the contract explicitly states "if the parties agree to arbitrate," arbitration is not mandatory. According to the City, this language expressly means that both parties must agree before any dispute proceeds to arbitration. Under South Dakota law, "[a]n agreement to agree does not fix an enforceable obligation. It is indefinite, vague, and uncertain. An agreement must be sufficiently definite to enable a court to give it an exact meaning." Estate of Fisher v. Fisher, 645 N.W.2d 841, 847 (S.D. 2002) (quotation omitted). The language in this contract "*if the parties agree to arbitrate*" suggests the obligation under South Dakota law is uncertain, and thus unenforceable.

Quam, on the other hand, stresses that under South Dakota law, "[a]n interpretation which gives a reasonable and effective meaning to all the terms [of a contract] is preferred to an interpretation which leaves a part unreasonable or of no effect." Nelson v. Schellpfeffer, 656 N.W.2d 740, 744 (S.D. 2003). Quam points to the contract language specifying that the arbitrator's decision is a "condition precedent to any right of legal action" to support its argument that arbitration is mandatory under the contract. "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance [under

-4-

the contract]." Weitzel v. Sioux Valley Heart Partners, 714 N.W.2d 884, 895 (S.D. 2006) (quotation omitted). Thus, Quam argues, because the contract describes the arbitrator's decision as a "condition precedent" to any right of legal action, arbitration must be mandatory; otherwise, the "condition precedent" language is meaningless. According to Quam, the parties would have no reason to identify the arbitrator's decision as a "condition precedent" to legal action if the parties had already agreed to arbitrate.

The term "condition precedent" does not necessarily contradict a finding that arbitration is permissive. A reasonable interpretation, giving meaning to all provisions of the contract, is that *if* the parties agree to arbitrate, the arbitrator's decision is a "condition precedent" to any further legal action. One party may not abandon the arbitration process, once it has begun, and instead file a legal action in court. If the parties do not agree to arbitrate their claims, however, no arbitration will occur, the arbitration rules and procedures do not apply, and either party may seek a legal right of action in the first instance.

Quam contends that the language in its contract with the City is sufficiently similar to the language in the contract addressed in American Italian Pasta Co. v. Austin Co., 914 F.2d 1103 (8th Cir. 1990), so the decision in American Italian Pasta is dispositive. We disagree. In American Italian Pasta, this court concluded that arbitration was mandatory as a result of a contract that stated, "If both parties agree that a dispute or disagreement is of such nature that it cannot be settled as provided for above, then such dispute or disagreement may be submitted to arbitration . . . ." American Italian Pasta, 914 F.2d at 1104.[2] In that case, the phrase "[i]f both parties

[2]Missouri state law applied, though we cited Eighth Circuit cases to support our reasoning. The parties do not address whether American Italian Pasta is distinguishable from the present case based on a difference between South Dakota and Missouri contract law, and we do not endeavor to answer this question, as we find American Italian Pasta is distinguishable based on the contract language at issue.

-5-

agree" referred to the inability of the parties to reach a settlement.  Id.  The "may" language was interpreted as giving "an aggrieved party the choice between arbitration or the abandonment of its claim."  Id.  In contrast, the language in the contract between Quam and the City reads, "If the dispute is not resolved through mediation, the parties *may* submit the controversy or claim to Arbitration.  *If the parties agree* to arbitration, the following will apply."  (Emphasis added).  The phrase "if the parties agree," unlike in American Italian Pasta, refers directly to the parties' decision to submit their dispute to arbitration.  This language demonstrates that arbitration is permissive, and American Italian Pasta does not dictate a different result.

We also find it instructive that Quam and the City included a provision in their contract that mandated mediation: "Any controversy or claim arising out of or related to the contract, or the breach thereof, shall first be submitted to the American Arbitration Association Mediation Department.  A mutually agreed upon qualified alternative dispute organization may be used."  Thus, the parties used the word "shall" in connection with their obligation to mediate but chose the word "may" when describing the next step of dispute resolution: arbitration.  The district court concluded that the contract between Quam and the City allowed "either party the option of agreeing to arbitration rather than mandating such a procedure when mediation fails," so neither party can compel arbitration.  We agree.  The district court properly found that "no agreement to arbitrate was made," as the contract allows "for one or the other party to simply disagree and not allow arbitration to proceed."

## III. Conclusion

We affirm the denial of Quam's motion to compel arbitration.

_____