**In re U.S. HOME CORPORATION, Lennar Corporation, David Garcia, Fabian Diaz and Sheldon Moore, Relators.**

No. 03–1080.

Supreme Court of Texas.

Oct. 12, 2007.

Stacy R. Obenhaus, Robert Marshall Reed, D. Steven Henry, Gardere Wynne Sewell LLP, Dallas, TX, for Relators.

Suzanne M. Schwarz, Law Offices of Suzanne M. Schwarz, Harlingen, TX, Benigno Martinez III, Martinez Y. Barrera, L.L.P., Brownsville, TX, Jane M.N. Webre, Scott Douglass & McConnico, L.L.P., Austin, TX, for Real Parties in Interest.

## PER CURIAM.

Two couples brought claims on behalf of themselves and others similarly situated alleging their homes were built without shower pans. They concede their contracts contained broad arbitration clauses governed by the Federal Arbitration Act, and do not dispute that their claims fall within the scope of those clauses. Instead, they raise seven contract defenses to enforcement, five of which the trial court cited in refusing to compel arbitration. As there is no evidence to support any of the seven grounds, we conditionally grant mandamus relief. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) ("Mandamus relief is proper to enforce arbitration agreements governed by the FAA.").

In the sales contracts Luis and Norma Cano and Mark and Gloria Schlatter signed with U.S. Home Corporation, the parties agreed to mediate *and* arbitrate all controversies that might arise related to the agreement:

> Any controversy or claim arising under or related to this Agreement ... shall be determined by mediation or by binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. Sections 1–14) and similar state statutes and not by a court of law. The claim will first be mediated in accordance with the Commercial or Construction Industry Arbitration Rules, as appropriate, of the American Arbitration Association. If not resolved by mediation, the claim will be settled in accordance with the Commercial or Construction Industry Arbitration Rules, as appropriate, of the American Arbitration Association....

Written warranties for both homes also provided for arbitration (but not mediation) of any disputes about whether warranty repairs were necessary.

Several years after closing, the buyers asserted that a shower in each home had no pan or lining, and alleged claims for repairs, mold remediation, medical bills, and mental anguish. Finding U.S. Home's remediation plan inadequate, they filed suit in Cameron County against U.S. Home, Lennar Corporation, and three U.S. Home employees.[1] The defendants moved to compel arbitration, and the plaintiffs moved to certify their class claims. The trial court denied the former and granted the latter in a half-day hearing.

---

1. The individual defendants are David Garcia, Fabian Diaz, and Sheldon Moore. The plaintiffs also sued Bill Armstrong and Adalberto Gutierrez, neither of which has apparently answered, and thus are not parties in this proceeding.

■ First, the trial court found the arbitration clauses were contracts of adhesion and thus procedurally unconscionable. "Adhesion contracts are not automatically unconscionable, and there is nothing per se unconscionable about arbitration agreements." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex.2005) (per curiam); *see also In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex.2006). Here, the plaintiffs proved only that U.S. Home refused to contract with them unless they agreed to arbitration. This is not enough. *Palm Harbor*, 195 S.W.3d at 678–79; *AdvancePCS*, 172 S.W.3d at 608; *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex.2002); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex.2001).

■ Second, the trial court found the arbitration agreements were procured by fraud. The plaintiffs pointed to no evidence of misrepresentations, scienter, or reliance, instead arguing only that the arbitration clause was on the back of their single-sheet contract. As they concede no one prevented them from reading both sides, this is not fraud. Like any other contract clause, a party cannot avoid an arbitration clause by simply failing to read it. *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 190 (Tex.2007); *AdvancePCS*, 172 S.W.3d at 608; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex.1996).

■ Third, the trial court found the arbitration clauses were not supported by mutual consideration. As both parties agreed to arbitration, this is again simply wrong. *Palm Harbor*, 195 S.W.3d at 676; *AdvancePCS*, 172 S.W.3d at 607. The plaintiffs point to two contractual provisions allowing U.S. Home to terminate the agreement if their home was damaged before closing, or if the buyers failed to pay. Neither of these provisions allowed U.S. Home to cancel the contracts at will, or to opt out of arbitration if there was a dispute regarding whether it had properly done so. *See Halliburton*, 80 S.W.3d at 569 (noting that even if employer terminated contract, it would be bound to arbitrate resulting disputes).

■■ Fourth, the trial court found arbitration would be unduly burdensome and costly. To sustain such a defense, both the United States Supreme Court and this Court require specific evidence that a party will actually be charged excessive arbitration fees. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90–91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *FirstMerit Bank*, 52 S.W.3d at 757. Here, the plaintiffs presented no evidence other than a schedule of the American Arbitration Association's usual fees. This is not enough. *Green Tree*, 531 U.S. at 90 n. 6, 121 S.Ct. 513; *FirstMerit Bank*, 52 S.W.3d at 757.

■ Fifth, the trial court found that mediation was a condition precedent to arbitration, and the former having yet to occur the latter could not be compelled. But while the parties' agreements clearly contemplated mediation before arbitration, there is no indication they intended to dispense with arbitration if mediation did not occur first. To the contrary, the warranty agreements that form part of the same transaction require arbitration without any mention of mediation, indicating the parties intended to arbitrate regardless. The plaintiffs allege no damage from U.S. Home's failure to invoke mediation first, and are hardly in a position to do so as (1) they too did not bother with mediation before seeking class certification, and (2) they concede mediation has taken place while this case was under review. Although the plaintiffs could have asked the trial court to delay arbitration pending mediation, there was no basis for asking the trial court to cancel it entirely.

■ In this proceeding, the plaintiffs claim arbitration was not mandatory because while the sales agreements required arbitration, the Canos' warranty book said only that either party "may request" arbitration. We disagree that this renders the contracts ambiguous. We must construe the parties' contracts together if we can, rather than allowing one to cancel the other as the plaintiffs suggest. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex.2005) (per curiam) (holding series of agreements must be construed together in determining whether parties agreed to arbitration). While the warranty's clause allowed either party to request arbitration, nothing in it suggests arbitration was optional if either did; to the contrary, the clause constituted a binding promise to arbitrate if either party requested it. *See Local 771, I.A. T.S.E., AFL–CIO v. RKO Gen., Inc. WOR Div.*, 546 F.2d 1107, 1115–16 (2d Cir.1977) (holding contract that provided "parties may submit to arbitration ... upon written request of either party" did not make arbitration optional). U.S. Home having done so, the Canos could not opt out thereafter.

■ Additionally, the plaintiffs argue they do not have to arbitrate with the individual defendants, as only U.S. Home signed the agreement. Assuming this argument can be raised for the first time on mandamus review, we find it without merit. None of these individuals had a duty to supply shower pans but for the plaintiffs' contracts with U.S. Home. "[A] litigant who sues based on a contract subjects him or herself to the contract's terms." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex.2001). As the nonsignatories' liability arises from and must be determined by reference to the parties' contract rather than general obligations imposed by law, the suit is subject to the contract's arbitration provisions. *In re Weekley Homes,*

*L.P.*, 180 S.W.3d 127, 131–32 (Tex.2005); *see also In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 762 (Tex.2006) ("When contracting parties agree to arbitrate all disputes 'under or with respect to' a contract (as they did here), they generally intend to include disputes about their agents' actions....").

Finally, the defendants request that we reverse the trial court's class certification order as well, pointing out that the United States Supreme Court has expressly held an arbitration clause covering "all disputes relating to a contract" includes disputes about class certification. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 451, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). As the certification order is apparently pending but abated in the Thirteenth Court of Appeals, we decline the invitation as premature.

Accordingly, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant relators' petition for writ of mandamus and direct the trial court to grant their motion to compel arbitration. We are confident the court will comply promptly, and our writ will issue only if it does not.