IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0882
════════════
 
Perry 
Homes, A Joint 
Venture, Home Owners Multiple Equity, Inc.,
and Warranty Underwriters 
Insurance Company, Petitioners,
 
v.
 
Robert E. Cull and S. Jane 
Cull, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Second District of 
Texas
════════════════════════════════════════════════════
 
 
Argued March 20, 
2007
 
 
            
Justice Willett, concurring 
in part and dissenting in part.
            
Arbitration has become a hot-button topic for the Court of late—in this 
Term alone we have decided at least three arbitration-related cases[1] and heard argument in four more.[2] As the range of opinions in this case 
demonstrates, the invocation and operation of arbitration provisions can present 
tricky legal questions that spark honest differences of opinion. I agree with 
Parts I-V of the Court’s decision, and also with much of Part VI regarding 
waiver. However, I respectfully dissent from the Court’s ultimate result, not on 
an arbitration law issue, but on a much more old-fashioned ground—the applicable 
standard of review.
            
 The Court properly acknowledges that a trial court’s order 
compelling arbitration is reviewed for abuse of discretion. Under this standard, 
we will reverse the trial court only when “it acts in an arbitrary or 
unreasonable manner, without reference to any guiding rules or principles.”[3] I agree with the Court, and the trial 
judge for that matter, that the record clearly shows that the Culls 
substantially invoked the judicial process. I also agree with the Court that the 
cost-reimbursement provision in the arbitration agreement does not prevent 
Perry 
Homes from showing 
prejudice resulting from the Culls’ arbitration flip-flop. Justice Johnson is comforted by the 
possibility that an arbitrator might (mis)construe 
this provision to award Perry Homes all its litigation-related 
costs and fees, but I am not. The provision limits reimbursement to “costs and expenses including attorney’s 
fees incurred in seeking dismissal of such litigation,” and we cannot 
plausibly say Perry Homes fails on prejudice because an 
arbitrator may misread the agreement.
            
Having said all that, I cannot conclude, as does the Court, that the 
trial court abused its discretion by compelling arbitration. I believe in 
waiver-by-conduct, but Perry Homes bore the threshold responsibility of 
building a record upon which the trial court could find prejudice. The record on 
appeal is far more extensive than what the trial court considered (and the 
arguments far more refined), but I agree with Justice Johnson that the trial 
court—sitting where it sat, seeing what it saw, hearing what it heard, reviewing 
what it reviewed—did not abuse its discretion in concluding “no prejudice.” 
Trial courts do not have carte blanche “to send any case to arbitration no 
matter what has occurred in court,”[4] but I cannot conclude that this trial 
court acted “without reference to any guiding rules or principles”[5] in ruling that Perry Homes fell short of 
building a trial-court record that showed prejudice. This is admittedly a close 
call, and the Court makes the best possible case for going the other way. Given 
the relevant record, however, I have a difficult time saying the trial court 
acted arbitrarily or disregarded all guiding standards in not reaching the 
opposite result. Accordingly, I dissent from the Court’s decision vacating the 
arbitration award and remanding for trial.
 
 
            
______________________________
            
Don R. Willett
            
Justice
 
 
Opinion delivered: May 2, 
2008






[1] 
See Chambers v. O’Quinn, 242 S.W.3d 30 (Tex. 2007); In re U.S. Home Corp., 236 S.W.3d 761 
(Tex. 2007). 
This case is the third.

[2] 
In re Gulf Exploration, LLC, 211 S.W.3d 828 (Tex. App.—Eastland 2006), 
pet. granted, 51 Tex. Sup. Ct. J. 77 (Nov. 2, 
2007); E. Tex. Salt Water Disposal Co. v. Werline, 209 S.W.3d 888 (Tex. App.—Texarkana 2006), 
pet. granted, 51 Tex. Sup. Ct. J. 77 (Nov. 2, 2007); Bison Bldg. Materials v. Aldridge, 
2006 WL 641280 (Tex. App.—Houston [1st Dist.] 2006), 
pet. granted, 51 Tex. Sup. Ct. J. 77 (Nov. 
2, 2007); Forest Oil Corp. v. McAllen, 2005 WL 
3435061 (Tex. 
App.—Corpus Christi 2005), pet. granted, 51 
Tex. Sup. Ct. 
J. 667 (Apr. 27, 2007).

[3] 
In re Nitla, 92 S.W.3d 419, 422 (Tex. 2002) (citing Downer v. Aquamarine Operators, 
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).

[4] 
___ S.W.3d ___.

[5] 
Nitla, 92 S.W.3d at 
422.