**Reversed and Remanded and Majority and Dissenting Opinions filed August 9, 2018.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-17-00483-CV**
**NO. 14-17-00540-CV**

---

## SOUTHERN GREEN BUILDERS, LP AND SAM SEIDEL, Appellants

### V.

## JAIME CLEVELAND, Appellee

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-13499**

---

## DISSENTING OPINION

Because I believe that the arbitration clause is not mandatory, I respectfully dissent.

1.    The Negotiations

Southern Green sent Cleveland a form boilerplate construction contract. Cleveland modified Southern Green's boilerplate contract by removing nearly the

entirety of the mandatory arbitration clause and changing the words "shall be submitted to binding arbitration" to "may be submitted to binding arbitration." He also added the language that both parties "shall have the right to seek other legal remedies as they see fit and the law allows."

This is what Cleveland did to the arbitration clause—he struck through most of the provision and added the underlined words:

(c) *Mediation-Binding Arbitration/Waiver of Jury Trial.* The Owner and Builder agree that all controversies, claims (and any related settlements), or matters in question arising out of or relating to (i) this Contract, (ii) any breach or termination of this Contract, (iii) the construction of the Home and/or its repairs, (iv) any acts or omissions by the Builder (and its officers, directors or agents), and/or (v) any actual or purported representations or warranties, express or implied, relating to the Property and/or the Home (herein referred to collectively as a "Dispute") shall may be submitted to binding arbitration, but both parties shall also have the right to seek other legal remedies as they see fit and the law allows. The Parties will attempt to resolve any Dispute through informal discussions and the dispute may be submitted to non-binding mediation under the Contraction Industry Mediation Rules of the American Arbitration Association ("AAA"). In the event that one or both parties do not desire to mediate, or the Dispute it not resolved by direct discussions and/or mediation, the Dispute shall be submitted to the AAA for binding arbitration in accordance with the Construction Industry Arbitration Rules of the AAA. The Parties will share equally all filing fees and administrative costs of the arbitration, however, any Award rendered may equitably reallocate those costs. The arbitration shall be governed by Texas law and the U.S. Arbitration Act, 9 U.S.C. 1-16, to the exclusion of any provisions of state law that are inconsistent with the application of the Federal Act.

In rendering the Award, the arbitrator shall state the reasons therefor, including any computations of actual damages or offsets, if applicable. The Parties agree to abide by and fully perform in accordance with any Award rendered by the arbitration. If the non-prevailing Party fails to comply with all aspects of the Award within thirty (30) days following issuance of the Award, then the prevailing Party shall be entitled to seek enforcement of the Award in any court of

2

~~competent jurisdiction. If such enforcement becomes necessary, the prevailing Party in such proceeding shall recover its necessary and reasonable attorney's fees, in addition to any other relief to which that Party is entitled.~~

Southern Green agreed to the changes.

2.      Under Texas Supreme Court case law, we can consider deletions.

In *Houston Exploration Co. v Wellington Underwriting Agencies, LTD*, 352 S.W.3d 462 (Tex. 2011), the Supreme Court considered the deletion of certain paragraphs from a form contract to determine the intent of the parties. The court noted that it had twice before considered deletions from a form contract in determining the meaning of a contract. *Id.* at 470–71 (citing *Gibson v. Turner*, 294 S.W.2d 781 (Tex. 1956) and *Houston Pipe Line Co. v. Dwyer*, 374 S.W.2d 662 (Tex. 1964)).

And the Supreme Court has also considered deletions from a form contract in determining the scope of an arbitration contract. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 526 (Tex. 2015). This rule of construction is not limited to where a party contends a contract is ambiguous. *Id.*

3.      Generally, "may" is permissive, and "shall" is mandatory.

Under both the ordinary meaning of words and case law, may is permissive while shall is mandatory. *See* New Oxford American Dictionary 1082, 1604 (Angus Stevenson & Christine Lindberg eds., 3d ed. 2010) (defining "may" as "expressing permission" and "shall" as "expressing an instruction or command"); *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 873–74 (Tex. 2005) ("may" grants permission to); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("shall" is mandatory, creating a duty or obligation). This is also true under the Code

Construction Act—"may" creates discretionary authority or grants permission or a power while "shall" imposes a duty. *See* Tex. Gov't Code 311.016.

4. Contracts should not be interpreted to render a part of the contract meaningless.

Courts are to examine and consider the entire writing to harmonize and give effect to all of the provisions of a contract so that "none will be rendered meaningless." *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *see also FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 69 (Tex. 2014) (interpreting a contract, as a matter of law, to avoid rendering a provision of the contract meaningless).

5. Using these rules, the agreement does not mandate arbitration.

The deletion of the mandatory arbitration provision from a form contract indicates the intent of the parties to not make arbitration mandatory. The agreement provides that the parties *may* arbitrate and also provides that the parties *shall* have the right to seek other legal remedies as they see fit. Construing the contract to require mandatory arbitration would make the remainder of the sentence meaningless—what other legal remedies could the sentence refer to if arbitration was mandatory? The arbitration provision is not mandatory.

6. Neither *U.S. Home Corp.* nor *Feldman/Matz* compels a different result.

In *In re U.S. Home Corp.*, 236 S.W.3d 761 (Tex. 2007) (orig. proceeding) (per curiam), the Supreme Court construed two contracts in connection with the sale of a home. The sales contract stated that any claim "shall be determined by mediation or by binding arbitration." The warranty book said that either party "may request" arbitration. The court concluded this did not render the contracts ambiguous. "While the warranty's clause allowed either party to request arbitration, nothing in it

4

suggests that arbitration was optional if either did . . . ." *Id.* at 765. By contrast, the clause in this case does suggest that arbitration was optional for two reasons as noted above—the deletion of the mandatory language and the addition of a provision that the parties shall have the right to seek other legal remedies.

Similarly, the contract language in *Feldman/Matz* is quite different from the contract language in this case. *See Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 888 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The contract provided in pertinent part:

> With respect to any and all other disputes or claims between us whatsoever related to or arising out of our services, we agree that either of us may submit the same to a nationally recognized, neutral, arbitration association (eg., AAA, JAMS, etc.) for final, binding and nonappealable resolution pursuant to its single arbitrator, expedited arbitration rules. . . If the first arbitration organization which receives a written demand for arbitration of the dispute from either of us does not complete the arbitration to finality within four months of the written demand, either party then may file a written demand for arbitration of the dispute with another nationally recognized, neutral, arbitration association, with the prior arbitration association then being immediately divested of jurisdiction, subject to a decision being rendered by the replacement arbitration association within four months of the written demand being filed with the replacement arbitration association. The decision of the arbitrators shall be final in all respects and shall be non-appealable. Any person may have a court of competent jurisdiction enter into its record the findings of such arbitrators for all purposes including for the enforcement of such award.

This contract language evidences an intent that "may submit" is mandatory, because it did not provide for any opt out of the arbitration, nor did it provide that the parties shall retain other legal remedies. In fact, it specifically references a request for arbitration by only one party (demand from either of us). Under this agreement, arbitration was the only remedy.

5

"May" does not take on a special meaning in an arbitration contract. As always, the entire contract must reviewed to see if it is mandatory or permissive. *See G.T. Leach Builders*, 458 S.W.3d at 525 (concluding that a joinder provision in an arbitration contract that used the word "may" was permissive rather than mandatory).

7.    Conclusion

The arbitration requirement in this contract is permissive, not mandatory. The trial court correctly denied the motion to compel arbitration. Because the majority holds otherwise, I respectfully dissent.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan, and Jewell. (Donovan, J., majority).