**Affirmed and Memorandum Opinion filed April 14, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00723-CV

---

**LINKS CONSTRUCTION, LLC, Appellant**

**V.**

**UNITED STRUCTURES OF AMERICA, INC., Appellee**

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2020-39561**

---

## M E M O R A N D U M   O P I N I O N

Appellee United Structures of America, Inc. ("USA") sued appellant Links Construction, LLC ("Links"), asserting claims stemming from the parties' construction contract. Links moved to compel arbitration based on two provisions in the parties' agreement. Concluding that these provisions "directly conflict[ed]" with each other, the trial court struck both provisions and denied Links' motion to compel. For the reasons below, we affirm.

BACKGROUND

The University of North Texas hired Links to oversee construction of an indoor sports practice facility, and Links subcontracted with USA to design the facility's roof and provide construction materials. Links and USA executed a Purchase Order signed October 1, 2018. Attached to the Purchase Order was USA's Quotation and Contract (the "Quotation").

The Purchase Order and the Quotation contain separate arbitration provisions. The Purchase Order's provision (the "Denton Clause") states as follows:

> DISPUTES: Any dispute arising under or relating to this Order shall be subject to arbitration under the Construction Industry Arbitration Rules of the AAA, with venue in Denton, Texas. The prevailing party shall be entitled to costs and reasonable attorneys' fees.

The Quotation's arbitration provision (the "Houston Clause") states:

> **Applicable Law and Dispute Resolution:** The rights, duties and obligations of the parties hereunder shall be governed and construed in accordance with the laws of the State of Texas, excluding its conflict of laws rules. Any and all disputes arising between USA, its Officers, Owners, Share Holders, Agents, Employees or Representatives and Buyer with respect to this Contract or the Building or Materials covered hereby shall be resolved at USA's sole option either by (i) arbitration conducted in Houston, Harris County, Texas according to the construction industry's arbitration rules of the American Arbitration Association or (ii) by the manner and forum USA so chooses.

USA sued Links in July 2020, asserting Links failed to remit payments owed under the parties' contract. Links moved to compel arbitration, citing both the Denton and Houston Clauses. In an order signed September 28, 2020, the trial court denied Links' motion to compel and concluded that "the inconsistency between these two provisions is so great that it should avoid the dispute resolution clauses

2

altogether." Links filed this interlocutory appeal.

ANALYSIS

Before turning to the trial court's denial of Links' motion to compel, we begin with a threshold issue raised in Links' appellate briefing regarding which documents comprise the parties' final contract.

## I.     The Parties' Final Contract

For the first time on appeal, Links contends that the Quotation (and the Houston Clause included therein) is not part of the parties' final contract. Rather, Links argues the parties' final contract includes only the Purchase Order; therefore, the Denton Clause is the only arbitration provision applicable to this dispute.

But this is contrary to the position Links took on this issue in the trial court. In its motion to compel, Links asserted as follows:

> 4.     Links subcontracted with [USA], and together the parties formed the contract at issue in this suit (the "Subcontract"). . . .
>
> 5.     *There are two arbitration clauses within the collective documents which make the entirety of the Subcontract*. The first arbitration clause (hereinafter referred to as the "Denton Binding Arbitration Clause") is found on page 4 of the Purchase Order . . . .
>
> 6.     The second arbitration clause (herein after referred to as the "Houston Binding Arbitration Clause") is buried in small, six (6) point font in the "Terms and Conditions of Sale," in paragraph (13) entitled, "Applicable Law and Dispute Resolution."

(emphasis added). Continuing on, Links stated that:

> [t]his case is unique in that *within the Subcontract there are two binding arbitration agreements* — the first requires arbitration in Denton, and the second requires arbitration in Houston. . . . *In the documents which form the contract at issue in this case, there is (i)*

3

> ***not one, but two binding arbitration agreements***, and (ii) each Party's claims fall within the scope of either agreement.

(emphasis added). This stance was reiterated in Links' reply in support of its motion to compel, in which it stated that "[a]rbitration is required pursuant to the contractual agreement between the Parties (the 'Subcontract'), which contains not one, but two different mandatory arbitration agreements."

We conclude that these statements constitute judicial admissions that foreclose the argument Links advances on appeal, *i.e.*, that the parties' final contract consists only of the Purchase Order and excludes the Quotation.

A judicial admission is a clear, deliberate, and unequivocal statement of fact that conclusively disproves a right of recovery or asserted defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000); *Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co.*, 343 S.W.3d 859, 870 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). To constitute a judicial admission, a statement must be (1) made in the course of a judicial proceeding; (2) contrary to a fact essential for the party's recovery or defense; (3) deliberate, clear, and unequivocal; (4) in accordance with public policy if given conclusive effect; and (5) consistent with the opposing party's theory of recovery. *In re Estate of Guerrero*, 465 S.W.3d 693, 705-06 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). A judicial admission dispenses with the production of evidence on an issue and cannot be disputed by the admitting party. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001).

Here, the above-quoted statements from Links' motion to compel and reply were (1) made during the course of a judicial proceeding, (2) contrary to the position Links now asserts on appeal, (3) deliberate, clear, and unequivocal, and (4) not destructive of USA's theories of recovery. *See In re Estate of Guerrero*,

465 S.W.3d at 705-06. Giving these statements conclusive effect also is consistent with public policy. *See id.* Therefore, these statements constitute judicial admissions regarding what documents comprise the parties' final contract. *See id.*; *see also, e.g.*, *Anglo-Dutch Energy, LLC v. Crawford Hughes Operating Co.*, No. 14-16-00635-CV, 2017 WL 4440530, at *6-7 (Tex. App.—Houston [14th Dist.] Oct. 5, 2017, pet. denied) (mem. op.) (the plaintiffs' statements in their petition that they were parties to certain agreements constituted judicial admissions that prevented them from disputing that fact on appeal). Links is precluded from advancing a contrary stance on appeal and cannot argue that the parties' final contract does not include the Quotation.

## II. Conflicting Arbitration Provisions

Having determined that the parties' final contract includes both the Purchase Order and Quotation, we turn to the two arbitration provisions included therein. In its order denying Links' motion to compel, the trial court concluded that these provisions "directly conflict[ed]" with each other and struck both.

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court on factual determinations that are supported by the evidence and reviewing legal determinations *de novo*. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Longoria v. CKR Prop. Mgmt., LLC*, 577 S.W.3d 263, 266-67 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Longoria*, 577 S.W.3d at 266.

Arbitration cannot be ordered in the absence of an agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Morgan v. Bronze Queen Mgmt. Co.*, 474 S.W.3d 701, 705 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Thus, despite strong presumptions that

favor arbitration, a valid agreement to arbitrate is a threshold requirement to compel arbitration. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737-38; *Morgan*, 474 S.W.3d at 705. Because an arbitration provision is separable from the rest of the contract, the court must determine its validity separately from the validity of the contract itself. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding) ("the Arbitration Addendum's validity is a separate issue from the validity of the whole contract"); *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("arbitration provisions are generally separable from the contracts in which they are contained").

Courts determine the validity of arbitration agreements by applying state-law contract principles.[1] *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 867 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Accordingly, the party seeking to compel arbitration must "show the [arbitration] agreement meets all requisite contract elements." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). The elements necessary to form a valid and binding contract are (1) an offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

For an agreement to be enforceable, there must be a meeting of the minds with respect to its subject matter and essential terms. *Parker Drilling Co. v. Romfor Supply*

---

[1] Here, neither arbitration provision states whether it is governed by the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA"). But these same principles apply regardless of whether the arbitration agreement is governed by the FAA or the TAA. *See Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 76 (Tex. App.—Texarkana 2014, no pet.) (under both the FAA and the TAA, "arbitration provisions are evaluated under state contract interpretation law").

*Co.*, 316 S.W.3d 68, 75 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "Meeting of the minds" encompasses two inquiries: whether the parties reached an agreement and whether that agreement is legally enforceable. *Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 823 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The second inquiry is a question of law for the courts. *Id.* To be legally enforceable, an agreement must address all its essential terms with a reasonable degree of certainty and definiteness such that a court can understand and enforce the parties' obligations. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016). Material and essential terms are those that parties would reasonably regard as vitally important elements of their bargain and are determined on a case-by-case basis. *Yazdani-Beioky*, 550 S.W.3d at 823.

The Fifth Circuit recently examined a dispute similar to that presented here, in which the parties' agreement contained two conflicting dispute resolution provisions. *See O'Shaughnessy v. Young Living Essential Oils, L.C.*, 810 F. App'x 308, 311-14 (5th Cir. 2020).[2] First, the parties' agreement contained a "Jurisdiction and Choice of Law" provision stating that, "[a]ny legal action concerning the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah." *Id.* at 312. But the agreement also contained a second provision stating that, "[i]f mediation is unsuccessful, any controversy or claim arising out of or relating to the Agreement, or the breach thereof, will be settled by arbitration." *Id.*

Concluding that these provisions "irreconcilably conflict[ed]," the Fifth Circuit held that "there was no 'meeting of the minds' with respect to arbitration in

---

[2] Although the Fifth Circuit in *O'Shaughnessy* analyzed this issue under Utah law, it applied similar legal principles for its analysis of the "meeting of the minds" element of contract formation. *See* 810 F. App'x at 311.

this case."[3]  *Id.*  The court affirmed the order denying the defendant's motion to compel.  *Id.* at 315; *see also Ragab v. Howard*, 841 F.3d 1134, 1136-38 (10th Cir. 2016) (where the parties' agreements contained multiple arbitration provisions, the Tenth Circuit held that "the conflicting details in the arbitration provisions indicate that there was no meeting of the minds with respect to arbitration").

Likewise here, the conflict between the Denton and Houston Clauses shows that the parties did not have a meeting of the minds on the essential terms of their arbitration agreement.  Whereas the Denton Clause requires that "[a]ny dispute" relating to the Purchase Order "shall" be submitted to arbitration, the Houston Clause states that USA has the "sole option" to elect for arbitration or some other dispute resolution method.  Enforcing one clause would unquestionably violate the other.  Therefore, the parties did not reach a meeting of the minds on arbitration as necessary to render their arbitration agreement enforceable.  *See Fischer*, 479 S.W.3d at 237; *Yazdani-Beioky*, 550 S.W.3d at 823; *see also O'Shaughnessy*, 810 F. App'x at 311-14.

Arguing that the Denton and Houston Clauses can be harmonized, Links points to *In re U.S. Home Corp.*, 236 S.W.3d 761 (Tex. 2007) (orig. proceeding) (per curiam).  But the provisions at issue in *In re U.S. Home Corp.* are not analogous to those presented here.  In that case, the plaintiffs signed a home sales contract with U.S. Home Corporation providing that "[a]ny controversy or claim" relating to the contract would be determined by arbitration.  *Id.* at 763.  Also included as part of the home's sale was a warranty book stating that either party "may request" arbitration.  *Id.* at 765.

---

[3] We note that "[p]recedent of the Fifth Circuit, though persuasive, is not binding on this court."  *J & J Sports Prods., Inc. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823, 830 (Tex. App.—Fort Worth 2010, no pet.) (citing *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) (per curiam)).

Concluding that these arbitration provisions were not ambiguous, the court reasoned that, "[w]hile the warranty's clause allowed either party to request arbitration, nothing in it suggest[ed] arbitration was optional if either did; to the contrary, the clause constituted a binding promise to arbitrate if either party requested it." *Id*. Accordingly, the court held that the two arbitration provisions could effectively be harmonized and read together to give effect to each. *See id*.

In contrast here, the Denton and Houston Clauses cannot be harmonized. The Denton Clause is a mandatory arbitration provision providing that "any dispute" relating to the Purchase Order "shall" be submitted to arbitration. But under the Houston Clause, USA alone has the "sole option" to choose arbitration or some other dispute resolution method. These clauses cannot be read together without nullifying one or the other on its essential terms. Accordingly, *In re U.S. Home Corp.* does not control our analysis.

Therefore, because the parties did not reach a meeting of the minds on the essential terms of their arbitration agreement, the trial court did not err in denying Links' motion to compel arbitration.

## CONCLUSION

We affirm the trial court's September 28, 2020 order denying Links' motion to compel arbitration.

/s/    Meagan Hassan
        Justice

Panel consists of Justices Wise, Spain, and Hassan.

9