# Supreme Court of Texas

====

No. 22-0830

====

Lennar Homes of Texas Inc.; Lennar Homes of Texas Land and
Construction, Ltd.; Lennar Homes of Texas Sales and
Marketing, Ltd.,

*Petitioners*,

v.

Mohammad Rafiei,

*Respondent*

====

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

====

## PER CURIAM

An agreement to arbitrate may be unenforceable if pursuing a claim in arbitration is so cost prohibitive that it prevents a party from vindicating its rights. Like other kinds of formation issues that arise in disputes in which a party invokes arbitration, a court ordinarily decides this threshold issue. In some arbitration agreements, however, the parties agree to submit these "arbitrability" questions to an arbitrator, not a court. In such cases, it is the arbitrator who decides whether the

cost of arbitration forecloses an adjudication of the claim in arbitration. If so, the claims are then returned to court.

This case involves such an "arbitrability" clause in a residential construction contract. A homeowner sued his builder, alleging personal injuries attributable to a construction defect. The builder moved to compel arbitration, and the trial court denied the motion. A divided court of appeals affirmed, holding that the homeowner sufficiently demonstrated that the cost to arbitrate was excessive and thus an arbitral forum was inadequate to vindicate the homeowner's rights. 652 S.W.3d 532, 535 (Tex. App.—Houston [14th Dist.] 2022).

A claim that the arbitral forum is wholly inadequate to decide whether the costs of arbitration are unconscionable requires evidence of (1) the cost for an arbitrator to decide arbitrability, (2) the cost for a court to decide arbitrability, and (3) a party's ability to afford one but not the other. *See Hous. AN USA, LLC v. Shattenkirk*, 669 S.W.3d 392, 397 (Tex. 2023). The trial court had no evidence before it from which to conclude that the plaintiff could not afford a hearing in arbitration to determine whether the agreement overall is cost prohibitive. Without such evidence, it could not conclude that the arbitral forum is an inadequate and inaccessible substitute to litigation such that the delegation provision is unconscionable and unenforceable. We therefore reverse the judgment of the court of appeals.

**I**

Mohammad Rafiei and his wife bought a house from Lennar Homes. Rafiei alleges that, approximately three years after purchasing the home, "there was a sudden and unexpected explosion" of the garbage

2

disposal when he turned it on, injuring him. Rafiei sued Lennar for premises liability and negligence, alleging that Lennar had improperly installed the garbage disposal. He seeks compensatory damages in excess of $1 million and punitive damages.

The purchase contract that Rafiei and Lennar executed contains an agreement to submit disputes between them to arbitration under the Federal Arbitration Act. "Disputes" includes any claims related to the home, claims related to personal injury, and notably, "issues of formation, validity or enforceability of [the arbitration agreement]." The delegation clause provides: "All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s)."

The agreement also sets forth particular arbitration procedures. Arbitration must be "administered by the AAA in accordance with the AAA's Construction Industry Arbitration Rules." If the claimed damages exceed $250,000 or the claimant demands punitive damages, then the agreement requires that three arbitrators resolve the dispute, unless the parties agree to use only one. Finally, the agreement requires that each party "bear its own costs and expenses."

Lennar moved to compel arbitration.[1] Rafiei opposed the motion, arguing that the arbitration agreement and its delegation provision are unconscionable because arbitration was prohibitively costly and would prevent him from pursuing his claims. In support of his response, Rafiei provided (1) the AAA Construction Industry Arbitration Rules

---

[1] The arbitration agreement also requires that the parties mediate their dispute. Neither party has raised this as an issue in these proceedings.

Administrative Fee Schedules; (2) his affidavit; and (3) an affidavit from an attorney.  The trial court denied Lennar's motion.

A divided court of appeals affirmed.  652 S.W.3d at 535.  The majority held that the trial court could have concluded that the delegation provision and the arbitration agreement as a whole were both unconscionable because arbitrating the threshold issue of arbitrability would cost $8,025.  If Rafiei were required to pay more than $6,000, it held, he would be precluded from pursuing his claims.  *Id.* at 540.

The dissenting justice observed that Rafiei had failed to present evidence of the actual costs he is likely to incur to have arbitrability decided by an arbitrator and that he could not afford them.  *Id.* at 541, 544 (Jewell, J., dissenting).  The dissent further noted that the majority's opinion created a conflict between the courts of appeals regarding the standard for determining whether a delegation of arbitrability is unconscionable based on cost.  *Id.* at 543; *see Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 681-82 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that homeowners failed to show unconscionability of a delegation provision where they presented evidence regarding the cost of arbitrating the merits, not arbitrability, and offered no evidence of their ability to pay).  Lennar petitioned this Court for review.

**II**

**A**

When no factual disputes exist, we review de novo the denial of a motion to compel arbitration on the basis of unconscionability.  *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex.

4

2015) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003)). Lennar did not controvert the facts in the affidavits opposing arbitration, so we accept them as true for evaluating unconscionability.

Arbitration costs that are so excessive that they make the arbitral forum unavailable to a party seeking to vindicate his rights may render an agreement to arbitrate unconscionable. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 893 (Tex. 2010). "The theory behind unconscionability in contract law is that courts should not enforce a transaction so one-sided, with so gross a disparity in the values exchanged, that no rational contracting party would have entered the contract." *Shattenkirk*, 669 S.W.3d at 395 (quoting *Olshan*, 328 S.W.3d at 892). The party opposing arbitration bears the burden to show unconscionability. *Id.* (citing *Olshan*, 328 S.W.3d at 893). When a court "appl[ies] the unconscionability standard, the crucial inquiry is whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, a forum where the litigant can effectively vindicate his or her rights." *Olshan*, 328 S.W.3d at 894.

When an agreement delegates arbitrability issues to an arbitrator like this one does, it is for the arbitrator—not a court—to determine whether the arbitration agreement as a whole is unconscionable due to excessive costs. In that circumstance, an unconscionability challenge presents one narrow question for a court to decide: whether the party opposing arbitration has proven that the cost of arbitrating this delegated threshold issue of unconscionability is excessive, standing alone, and prevents the party from enforcing its rights. In other words, Rafiei must show that the delegation provision itself is unconscionable.

5

*See RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018) ("When faced with [a delegation clause], courts have no discretion but to compel arbitration unless the clause's validity is challenged on legal or public policy grounds."); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-71, 73-74 (2010) (holding that under the FAA, when an arbitration agreement contains a delegation provision, unconscionability is for the arbitrator to decide unless the delegation provision itself is specifically challenged as unconscionable).

## B

To determine unconscionability, a court must first consider "a comparison of the total costs of the two forums" and decide "whether that cost differential is so substantial as to deter the bringing of claims." *Olshan*, 328 S.W.3d at 893-94 (quoting *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001)). As evidence of these costs, Rafiei provided an attorney's affidavit and the AAA Administrative Fee Schedules. In his affidavit, the attorney discusses the cost to arbitrate the overall dispute based on the agreement and the fee schedules. He does not, however, address the relevant issue— whether the cost to arbitrate the arbitrability question presents an insurmountable obstacle to bringing this claim such that the delegation clause is itself unconscionable.

The AAA Administrative Fee Schedules provide that a claimant instituting an action with damages of over $1 million must pay a filing fee of either $7,000 under the Standard Fee Schedule or $3,500 under the Flexible Fee Schedule. Under the Standard Fee Schedule, the parties owe an additional $7,700 if the case proceeds to a hearing.

6

Under the Flexible Fee Schedule, the parties owe an additional $5,700 as a "Proceed Fee" and $7,700 if the case continues to a hearing.[2] These schedules provide some evidence regarding the fee for arbitrating the threshold issue of unconscionability.

In addition to owing his share of these fees, Rafiei would owe half the cost of the arbitrators' hourly rates and associated expenses under the parties' agreement.[3] Although price lists are evidence of what Rafiei could be expected to pay, our Court has held that this falls short of "specific evidence that th[is] particular part[y] will be charged excessive fees." *Shattenkirk*, 669 S.W.3d at 396 (quoting *Olshan*, 328 S.W.3d at 897). Rather, a party must adduce some evidence of a fee schedule as it is applied to resolve an arbitrability issue in his particular case.

In *In re Olshan*, a foundation repair company and the homeowners who sued it had agreed to arbitrate their claims. 328 S.W.3d at 886-87. In concluding that the evidence was insufficient to establish unconscionability, we noted that "there is no evidence that the homeowners have made any effort to reduce the likely charges through requests for fee waivers, pro bono arbitrators, or even simply requesting a one arbitrator panel." *Id.* at 897; *see also In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001) (holding that the plaintiffs failed to

---

[2] For non-monetary claims, the initial filing fee is $3,250 or $2,000, depending on the fee schedule. The fee schedules provide that "[t]he non-monetary filing fee is the minimum filing fee for any case requesting non-monetary relief. Where a party seeks both monetary damages and non-monetary relief, the higher of the two filing fees will apply."

[3] The arbitration agreement provides that "each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration."

present legally sufficient evidence of unconscionability and noting that the AAA may defer or reduce fees in cases of extreme hardship).

Similar to the plaintiffs in *Olshan* and *FirstMerit Bank*, in this case, Rafiei did not adduce evidence of how the fee schedule would be applied to resolve the unconscionability issue. Construction Industry Arbitration Rule 56 provides that "[t]he AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees." AAA, CONSTRUCTION INDUSTRY ARBITRATION RULES AND MEDIATION PROCEDURES Rule 56, at 35 (2024) (previously at Rule 55 (2015)). Like the homeowners in *Olshan*, Rafiei has presented no evidence that he sought a deferral or reduction of the administrative fees or an agreement to proceed with a single arbitrator. Without evidence that Rafiei sought to estimate the actual costs associated with arbitrating the arbitrability question, it is speculative to conclude that the delegation provision is itself unconscionable. "[M]aking the required showing entails presenting more than evidence of the 'risk' of incurring excessive costs; it requires 'specific evidence that a party will actually be charged excessive arbitration fees.'" *Shattenkirk*, 669 S.W.3d at 395 (quoting *In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007)). One may not "assume the most expensive possible scenario." *Olshan*, 328 S.W.3d at 897 (citation omitted).

A proper unconscionability analysis further requires a comparison of the relevant costs between litigating in court and in arbitration and of the claimant's ability to pay the difference in such costs. "[W]e cannot assess whether [estimated arbitration] fees are what would prohibit [a claimant] from pursuing his rights without knowing

8

(1) how that amount relates to the overall expense of litigating versus arbitrating and (2) [the claimant's] ability to afford the former but not the latter." *Shattenkirk*, 669 S.W.3d at 397; *see also Olshan*, 328 S.W.3d at 897.

In *Shattenkirk*, a former employee opposed arbitration of a claim against his employer on the ground that excessive costs rendered any agreement to arbitrate unconscionable. 669 S.W.3d at 394. The employee averred that paying "anything above" the cost to litigate would cause him financial hardship. *Id.* at 397. Noting the evidence about costs and ability to pay was "quite vague and conclusory," we held it insufficient to demonstrate unconscionability. *Id.*

The evidence in this case is similarly vague. While the attorney's supporting affidavit says that the cost of arbitration is "astronomically higher" than litigation, that the out-of-pocket expenses in litigation are "minimal," and that hearings and trial are "free," he does not quantify these differences with an estimate related to a hearing on the delegation clause in the arbitral forum. "[A]bsent concrete evidence that the *increased* cost associated with arbitration, compared to litigation, is what forecloses a party from pursuing his claims, the party cannot show that those costs are what make the expense of arbitrating 'prohibitive.'" *Id.*; *see also Olshan*, 328 S.W.3d at 897 ("Even if we took these invoices as evidence of the likely arbitration charges to the [plaintiffs], they have provided no comparison of these charges to the expected cost of litigation . . . or their ability to pay these costs.").

More important, Rafiei's affidavit fails to establish that he can afford litigation but not arbitration. Though he avers that he cannot

9

afford more than $6,000 in "upfront costs," he does not detail his available resources or lack of ability to pay. Rather, he notes that he has $6,000 in surplus income each month; he does not explain why this surplus is unavailable to pay for fees associated with arbitration of the unconscionability issue.[4] Unconscionability cannot be established absent evidence of "the claimant's overall ability to pay the arbitration fees and costs." *Shattenkirk*, 669 S.W.3d at 395 (quoting *Olshan*, 328 S.W.3d at 895). Even assuming that the evidence was sufficient to conclude that it would cost $8,025 to arbitrate the unconscionability issue, Rafiei's affidavit fails to show that he cannot afford it.

Rafiei responds that the limitless fee exposure in the parties' agreement, coupled with a provision in the schedule that permits the arbitrator to allocate administrative fees, makes the cost of arbitrating unpredictable and favors Lennar, as a corporate defendant with more resources. In *In re Poly-America, L.P.*, we noted that "fee-splitting provisions that operate to prohibit an employee from fully and effectively vindicating statutory rights are not enforceable." 262 S.W.3d 337, 356 (Tex. 2008) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002)). This much is true, and cost caps mitigate against a finding of unconscionability. *See id.* at 356-57 (noting that the cost cap in the arbitration agreement may benefit the plaintiff). The lack of a cap, however, does not entirely remove the burden to show that a party likely will incur arbitration costs "in such an amount as to deter enforcement

---

[4] Rafiei states, "My average net income every month (i.e., the amount of disposable income I have after deducting all necessary living expenses for myself and my family from my average monthly gross income) is $6,000."

of statutory rights in the arbitral forum." *Id.* at 356. Rafiei has not presented evidence that he will likely incur arbitration costs in an amount that would deter enforcement of his rights due to his inability to pay them. The principle behind unconscionability "is one of the prevention of oppression and unfair surprise and not of disturbance of allocation of risks because of superior bargaining power." *Olshan*, 328 S.W.3d at 892 (quoting TEX. BUS. & COM. CODE § 2.302 cmt. 1). Unequal bargaining power alone "does not establish grounds for defeating an agreement to arbitrate." *Id.* (quoting *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996)).

\* \* \*

We hold that the record fails to support a finding that the parties' delegation clause is itself unconscionable due to prohibitive costs to adjudicate this threshold issue in arbitration. We do not address whether the arbitration agreement as a whole is unconscionable, as that issue is reserved for the arbitrator under the parties' delegation agreement.

Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the judgment of the court of appeals, and remand the case to the trial court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** April 5, 2024

11