# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1235
_____

Jennifer Shockley, individually, and on behalf of all other similarly situated persons

*Plaintiff - Appellee*

v.

PrimeLending, a PlainsCapital Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2019
Filed: July 15, 2019

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

SMITH, Chief Judge.

PrimeLending, a PlainsCapital Company, appeals from the district court's[1] denial of its motion to compel arbitration against Jennifer Shockley. Shockley sued PrimeLending, alleging a violation of the Fair Labor Standards Act (FLSA). The

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

district court denied the motion to compel arbitration because there was no agreement to arbitrate between Shockley and PrimeLending. The district court held that the arbitration provision contained in the PrimeLending Handbook Addendum ("Handbook"), and the delegation provision therein, were not enforceable contracts. We agree with the district court that Shockley and PrimeLending never entered into a contract relating to either provision. Therefore, we affirm the denial of PrimeLending's motion to compel arbitration.

I. *Background*

Shockley[2] was employed by PrimeLending from June 2016 to July 2017. PrimeLending maintained a computer network accessible by its employees, which contained employment-related information, such as its new hire policies and Handbook. In August 2016, Shockley accessed this section of PrimeLending's network by using a computer mouse to click and open various company documents, including the Handbook. Clicking on the Handbook in the system automatically generated an acknowledgment of review. That same click would have generated a pop-up window containing a hyperlink to open the full text of the Handbook. Shockley does not recall reviewing the Handbook, and there is no evidence that she ever opened or reviewed the Handbook's full text. As part of her required annual policy review, Shockley completed the same process in the computer network again in February 2017.

The Handbook contains two important provisions relevant to this case: the "Dispute Resolution/Arbitration Clause" ("arbitration provision") and the "*Control of Decisions*" provision ("delegation provision"), which is a subpart within the

---

[2]Shockley filed suit individually and on behalf of others similarly situated to her. No collective action has been certified, so we refer only to Shockley in this appeal.

arbitration provision. The arbitration provision specifically includes FLSA disputes as subject to arbitration. In pertinent part, the arbitration provision states:

> If the dispute cannot be settled through negotiation, you and the Company agree to attempt in good faith to resolve the covered dispute exclusively through final and binding arbitration in accordance with the terms, conditions and procedures of this Arbitration Clause.
>
> For all Covered Disputes, both you and the Company waive their right to trial by jury or before a judge in a court of law, including the right to initiate a class, collective, representative or private attorney general action. All Covered Disputes will be settled by binding arbitration, on an individual basis, pursuant to the Federal Arbitration Act as administered by JAMS, a third party alternative dispute resolution provider.

Def.'s Reply Suggestion in Support of Its Mot. to Compel Individual Arbitration, Ex. B, at 10, *Shockley v. PrimeLending*, No. 4:17-cv-00763 (W.D. Mo., Dec. 11, 2017), ECF No. 18-1.

> The delegation provision in full reads:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any claim relating to the interpretation, applicability, enforceability or formation of this Clause including, but not limited to, any claim that all or any part of this Clause is void or voidable.

*Id*. at 11.

Shockley sued PrimeLending in September 2017 for violating the FLSA, alleging she was not paid for all earned wages and overtime pay. PrimeLending moved the district court to compel arbitration.

-3-

The district court acknowledged that "[c]ourts must give full effect to valid delegation provisions." *Shockley v. PrimeLending*, No. 4:17-cv-00763, 2018 WL 7506169, at *1 (W.D. Mo., Jan. 12, 2018). The court also noted that a party seeking to compel arbitration and enforce any part of an arbitration agreement, including a delegation provision, must prove an arbitration agreement was validly formed under state contract law. The district court found that the parties did not form an enforceable agreement to arbitrate their disputes. Consequently, the court declined to interpret the arbitration and delegation provisions contained in the Handbook. Specifically, the district court decided that furnishing an employee a Handbook that could be modified unilaterally by PrimeLending did not constitute an offer; secondly, the court determined that even if it was an offer, merely reviewing a Handbook does not constitute acceptance. Relying on *Nebraska Machinery Co. v. Cargotec Solutions, LLC*, 762 F.3d 737 (8th Cir. 2014), the district court reasoned that Shockley should not be "compelled to proceed to arbitration in order to prove that she never agreed to arbitrate claims in the first place." *Shockley*, 2018 WL 7506169, at *3. The district court denied PrimeLending's motion to compel arbitration based on the absence of an agreement to arbitrate. PrimeLending appeals that decision.

## II. *Discussion*

Our review of the district court's denial of PrimeLending's motion to compel arbitration is de novo. *See McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 954 (8th Cir. 2009). Arbitration agreements are favored by federal law and will be enforced as long as a valid agreement exists "and the dispute falls within the scope of that agreement." *Berkley v. Dillard's, Inc.*, 450 F.3d 775, 777 (8th Cir. 2006) (internal quotation omitted). Arbitration is a matter of contract law, and favored status notwithstanding, parties cannot be compelled to arbitrate unless they have contractually agreed to be bound by arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). The primary inquiry, therefore, is to determine whether the parties formed a valid contract that binds them to arbitrate their dispute. As the party seeking to compel arbitration, PrimeLending carries the burden to prove

-4-

a valid and enforceable agreement. *See Jackson v. Higher Educ. Loan Auth. of Mo.*, 497 S.W.3d 283, 287 (Mo. Ct. App. 2016).

Missouri law governs this case. *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014) (en banc). Missouri law requires (1) an offer, (2) acceptance, and (3) consideration to form a valid and enforceable contract. *Id*. An offer is made when the offeree—the person receiving the offer—would "reasonably believe that an offer has been made." *Jackson*, 497 S.W.3d at 288 (internal quotation omitted). A valid offer does not require the use of any specific terms of art. *See id*. The use of typical contractual terms can be helpful to discern intent. *Id*. at 289. A valid offer will include the ability to accept through some affirmative words or action. *See id*. at 290. An acceptance is present when the offeree signifies assent to the terms of the offer in a "positive and unambiguous" manner. *Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 545 (Mo. Ct. App. 2011) (quoting *Kunzie v. Jack-In-The-Box, Inc.*, 330 S.W.3d 476, 484 (Mo. Ct. App. 2010)). Together, offer and acceptance constitute mutual assent. *See Guidry v. Charter Commc'ns, Inc.*, 269 S.W.3d 520, 528 (Mo. Ct. App. 2008). Third, an agreement must have an exchange of consideration: a promise to do something or refrain from doing something, or the transfer of something of value to the other party. *Baker*, 450 S.W.3d at 774.

When parties contract to arbitrate future disputes, they may choose to incorporate a delegation provision, which is "an agreement to arbitrate threshold issues concerning the arbitration agreement." *Soars v. Easter Seals Midwest*, 563 S.W.3d 111, 114 (Mo. 2018) (en banc) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010)). The delegation provision places "gateway questions of arbitrability" into the hands of an arbitrator. *Jackson*, 561 U.S. at 68–69 (internal quotations omitted). These gateway questions may include determining the validity of the arbitration agreement itself. *Id*. at 69. "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration" is asking the court to enforce. *Id*. at 70. "[A] delegation provision is an additional,

-5-

severable agreement to arbitrate threshold issues that is valid and enforceable unless a specific challenge is levied against the delegation provision." *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 50 (Mo. 2017) (en banc).

As a severable and presumably valid provision of a contract, a delegation provision must be specifically challenged. *See Soars*, 563 S.W.3d at 114. In essence, just as an arbitration agreement can be a standalone contract within an employment agreement, a delegation provision "is simply an additional, antecedent agreement" within an arbitration agreement. *Id*. (internal quotation omitted). If not challenged directly, we presume the delegation provision is valid, and, as a result, antecedent questions such as an arbitration contract's validity will go to the arbitrator. *Pinkerton*, 531 S.W.3d at 50.

A. *Delegation Provision*

The delegation provision contained in PrimeLending's Handbook is crucial. If the delegation provision is invalid, PrimeLending's claim to compel arbitration of the arbitrability issues fails. The record makes it "resoundingly clear" that Shockley challenged the delegation provision. *Esser v. Anheuser-Busch, LLC*, 567 S.W.3d 644, 650 (Mo. Ct. App. 2018) (finding a challenge to a delegation provision that mirrored a challenge to an arbitration provision was adequate because the two provisions were part of same document and presented in the same manner). Shockley's brief in opposition to the motion to compel arbitration attacked the validity of the delegation provision. Her amended brief clarified that both the delegation and arbitration provisions were separately challenged as invalid under Missouri contract law. Shockley challenged the contractual formation of the delegation provision by name; the law requires no more.

Because this delegation provision is "simply an additional, antecedent agreement" that operates like any other contract, *Jackson*, 561 U.S. at 70, we apply the same state-law contract principles to the delegation provision as we do to

arbitration agreements generally. If we find that the delegation provision is a valid contract under Missouri law—having offer, acceptance, and bargained-for consideration—then our inquiry is at an end, and all other questions must go to an arbitrator. *Id.* Conversely, if the delegation provision is not a valid contract because it lacks any of the three requisite elements, we may further review the challenged arbitration agreement's validity. *Id.*

The district court determined that Shockley never received an offer or accepted an offer through the Handbook review. Assuming for the sake of this discussion only that the delegation provision, as provided, constituted an offer, we focus on whether Shockley accepted that offer. "Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." *Jackson*, 497 S.W.3d at 289 (quoting Restatement (Second) of Contracts § 50). "A meeting of minds occurs when there is a definite offer and an unequivocal acceptance." *Guidry*, 269 S.W.3d at 528. In determining whether a "positive and unambiguous" acceptance has been effective, "[t]he critical question . . . 'is whether the signals sent by [Shockley] to [PrimeLending] objectively manifest [Shockley's] intent to be presently bound.'" *Kunzie*, 330 S.W.3d at 484 (quoting 2 Williston on Contracts § 6.10 (4th ed. 2007)).

In Missouri, "mere continuation of employment [does not] manifest[] the necessary assent to [the] terms of arbitration." *Id*. (citing *Bailey v. Fed. Nat'l. Mortg. Ass'n.*, 209 F.3d 740, 747 (D.C. Cir. 2003) (holding an employee "signaled nothing when he remained in the employ of [his employer] following the issuance of the arbitration policy" (alteration added in *Kunzie*))). "[S]ilence generally cannot be translated into acceptance." *Katz*, 347 S.W.3d at 545. But, continued employment may constitute acceptance where the employer's document clearly states that continued employment constitutes acceptance, and the employer informs all employees that continued employment constitutes acceptance. *See Berkley v.*

*Dillard's Inc.*, 450 F.3d 775, 777 (8th Cir. 2006). This is not, however, what happened here.

Shockley was presented with two opportunities to review PrimeLending's Handbook through an optional hyperlink on the company network. The initial review was not conditioned on her offer of employment. Shockley does not remember reviewing the Handbook, nor does the record establish she actually reviewed the Handbook. Both times, when Shockley opened the internal system containing the Handbook, she was advised that by entering into the system she thereby acknowledged her review of these materials.

In this case, PrimeLending at best can show that Shockley acknowledged the existence of the delegation provision. Thus, she was aware of the terms of PrimeLending's purported contract offer. "We are aware of no legal authority holding that an employee's general knowledge or awareness of the existence of a contract constitutes the positive and unambiguous unequivocal acceptance required under Missouri law." *Katz*, 347 S.W.3d at 545 (internal quotations omitted). Shockley *may* have reviewed the delegation clause, but on these facts, it is entirely possible that she never even saw it. Even assuming the delegation provision, as presented, constitutes an offer, Shockley's document review, and the subsequent system-generated acknowledgment, does not create an unequivocal acceptance; therefore, no contract was created.

Applying Missouri contract law, we conclude Shockley's mere review of the subject materials did not constitute an acceptance on her part. Without an acceptance, no contract was formed as to the delegation provision. An acknowledgment of a review of offered terms alone does not evince an intent to accept those terms. *See Jackson*, 497 S.W.3d at 290. Because a valid contract cannot lack any one element, the failure to find acceptance is dispositive.

We hold that the delegation clause is invalid. An arbitration agreement lacking a valid delegation clause leaves the remaining arbitration agreement, as a whole, open to review for validity. We now turn to that question.

## B. *Arbitration Provision*

We need not engage in an in-depth review of the arbitration provision. The arbitration provision is a standalone and independent contract from the delegation provision. *See Soars*, 563 S.W.3d at 114. Its validity requires the same proof of the elements of a valid contract as the delegation provision. *Id*. The terms of the arbitration provision are presented in the Handbook by the same hyperlink mechanism. It thus suffers from the same fatal flaw as the delegation provision and thus fails for the very same reasons. The absence of proof of unequivocal acceptance of an agreement to arbitrate renders the provision unenforceable. Shockley did no more to accept the arbitration provision than she did to accept the delegation provision. Therefore, we determine that the arbitration provision was not a validly formed contract due to a lack of acceptance.

## III. *Conclusion*

The decision of the district court is affirmed. Shockley did not contract with PrimeLending to arbitrate any disputes between them, nor was a contract formed to delegate this decision to an arbitrator; therefore, PrimeLending cannot compel Shockley into arbitration.

_____