# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-2531

_____

William A. Hughes, II

*Plaintiff - Appellee*

v.

Team Car Care, LLC, doing business as Jiffy Lube

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 31, 2023
Filed: November 3, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Team Car Care, LLC, appeals the district court's[1] denial of its motion to compel arbitration of Title VII claims of race discrimination and unlawful retaliation

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

asserted by its former employee, William Hughes II. After careful *de novo* review, we conclude that the court did not err, as it correctly concluded after an evidentiary hearing that Team Car Care failed to meet its burden to prove the existence of a valid and enforceable arbitration agreement under Missouri law. See Shockley v. PrimeLending, 929 F.3d 1012, 1020 (8th Cir. 2019); M.A. Mortenson Co. v. Saunders Concrete Co., 676 F.3d 1153, 1157 (8th Cir. 2012); AgGrow Oils, L.L.C. v. National Union Fire Ins. Co. of Pittsburgh, 242 F.3d 777, 780 (8th Cir. 2001). Team Car Care's argument that the threshold issue of arbitrability should have been decided by an arbitrator rather than the district court is without merit. See United States for Use of Lighting & Power Servs.,Inc. v. Interface Construc. Corp., 553 F.3d 1150, 1154 (8th Cir. 2009). Because the parties disputed whether there was an arbitration agreement, the issue was properly decided by the district court. See Neb. Mach. Co. v. Cargotec Solutions, LLC, 762 F.3d 737, 741 n.2 (8th Cir. 2014). Accordingly, the Order of the district court dated June 13, 2023, is affirmed.

_____